To the Members of the House of Representatives State Capitol Montgomery, Alabama 36130
Greetings:
We are in receipt of House Resolution No. 92 requesting an advisory opinion of the Supreme Court relating to the following House Bill, No. 21:
HR 92 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO HB 21.
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF ALABAMA, *1374 That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, H.B. 21, a copy of which is attached to this resolution and made a part hereof by reference:
1. Does H.B. 21, as a proposed local law, which provides for a county planning commission in Jefferson County, conflict with Section 105 of the Constitution of Alabama of 1901, in light of the existence of Code of Alabama 1975, Chapter 11-85, which provides for Regional Planning Commissions, or are the respective subjects of the two provisions so different as to remove said H.B. 21 from the purview of Section 105?
2. Can the pending proposed local law, H.B. 21, be amended so as to repeal Act 581, 1947 Regular Session which provides for a planning commission in certain counties based on a population classification, or must such repealer be effected by a separate general bill based on the same population classification?
RESOLVED FURTHER, That the Clerk of the House of Representatives is hereby directed to send nine true copies of the pending bill, H.B. 21, to the clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.
H. 21 By Mr. Payne (Prefiled) R1 4/17/79
RFD Local Legislation No. 2.
FUNDING NOTE: This bill will expend county funds.
A BILL
TO BE ENTITLED
AN ACT
To provide for county planning in Jefferson County; the creation and powers of the Jefferson County planning commission; the personnel, powers, duties, and functions; their financial and legal status; the regulation of the subdivisions of land of and in the unincorporated territories of such county.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. DEFINITIONS: For the purposes of this Act certain terms are defined as provided in this Section. Wherever appropriate, the singular includes the plural and the plural includes the singular. “County commission” means the chief legislative body of a county. “Municipality”, “municipalities” or “municipal” includes or relates to cities and other incorporated political subdivisions. “Council” means the chief legislative body of a municipality, whether designated council, commission, board of aldermen, or by other title. “Subdivision” means the division of a lot, tract, or parcel of land into two or more lots, plats, sites, tracts, or other divisions of land for the purpose, whether immediate or future, of sale or of building development. It includes re-subdivision and, when appropriate to the context, relates to the process of subdividing or to land or territory subdivided.
TITLE I — COUNTY PLANNING AND PLANNING COMMISSIONS
Section 2. GRANT OF POWER TO COUNTY: Jefferson County is hereby empowered to make, adopt, amend, extend, add to, and carry out a County Master Plan as provided in this Act and create by ordinance or resolution a County Planning Commission with the powers, duties and functions herein set forth. For the purposes of this Act, “County Planning Commission” shall include planning commission and/or commission.
Section 3. PERSONNEL OF THE COMMISSION: The commission shall consist of fifteen members; three designated and twelve appointed members. Within sixty days after the enactment of this Act *1375 the Jefferson County Commission shall divide the county into six districts with each district containing an approximately equal number of persons residing in unincorporated territory. Such division shall be based upon the most recent federal decennial census and redrawn after each new federal decennial census. After the enactment of this Act newly appointed or reappointed members of such commission shall be appointed so that the county commission shall appoint two members from each district with one such member representing the unincorporated territory of the district so that at least 50% of the total twelve appointed members shall reside in and represent unincorporated territory. The designated members shall be — one a member of the county commission designated by it; one shall be the county engineer or the county highway engineer; one shall be a member of the county board of health designated by said board; the terms of such designated members shall correspond to their respective official tenures. The terms of appointed members shall be four years, except that the terms of nine of the members first appointed shall be — three for one .year— three for two years — three for three years; with all such short first term appointees being eligible for reappointment at the expiration of such one, two, and three year terms. The designated members shall be agreed to and approved by the county commission, and all other members shall be appointed by said county commission. All members of the commission shall serve as such without compensation; and no appointed member shall hold any public elective office. The members of the commission shall be residents of the county. The county commission shall provide for the filling of any vacancy in the membership of the commission for the unexpired term and for the removal of a member for nonperformance of duty or misconduct.
Section 4. ORGANIZATION AND RULES: The commission shall elect its chairman from among the appointed members and create and fill such other offices as it may determine. The term of the chairman shall be for one year with eligibility for reelection. The commission shall hold at least one regular meeting in each month. It shall adopt rules for the transaction of business and shall keep a record of its resolutions, transactions, findings, and determinations, which records shall be a public record.
Section 5. STAFF AND FINANCES: The commission may employ such staff as it may deem necessary to carry on its work, said staff to be subject to the provisions of the civil service act in force in such county. The commission may also contract for the services of planning and other experts and pay such other expenses as may be deemed necessary for carrying out the powers herein conferred and the duties and functions herein prescribed, but not in excess of such sums, exclusive of gifts, as shall be appropriated by the county commission for such purposes. The county commission is hereby authorized to appropriate such funds to the County Planning Commission as it deems advisable; and to furnish the equipment and accommodations necessary for its work.
Section 6. GENERAL POWERS AND DUTIES AND FUNCTIONS: It shall be the duty and function of the commission to make a master plan and to adopt such master plan as the official master plan for the development of the unincorporated territory of the county; such master plan may include the planning of incorporated areas to the extent to which, in the commission’s judgment, such areas are related to the planning of unincorporated territory of the county. The chief legislative body of any municipality may designate the County Planning Commission of the county in which such municipality is located, as the planning commission of such municipality, and thereafter the County Planning Commission shall have the same power regard-, ing the planning of the municipality, and its plans and regulations shall have the same legal status as are given to official municipal planning commissions and plans in Sections 11-52-1 thru 11-52-54 of the Code of Alabama 1975. The master plan shall not be deemed the official master plan or part of the official master plan of any munici *1376 pality unless adopted by the municipal planning commission and/or governing body thereof. Such master plan, with the accompanying maps, plats, charts, and descriptive and explanatory matter, shall show the planning commission’s recommendations for the development of the territory covered by the plan, and may include, among other things, the general location, character and extent of roads, viaducts, bridges, waterways and waterfronts, boulevards, parkways, squares, parks, aviation fields, and other public ways, grounds and open spaces; the general location of public buildings and other public property; the general location and extent of public utilities and terminals, whether publicly or privately owned or operated, for water, light, sanitation, transportation, communication, power and other purposes; also the removal, relocation, widening, narrowing, vacating, abandonment, change of use, or the extension of any of the foregoing ways, grounds, open spaces, buildings, property, utilities and terminals; the general character, location and extent of community centers, town sites, or housing developments; the general location and extent of forests, agricultural areas, and open-development areas for purposes of conservation, food and water supply, sanitary and drainage facilities, or the protection of urban and nonurban development; a land classification and utilization program and zoning plan for the regulation and restriction of the height, number of stories, and size of buildings and other structures; the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, the location and use of buildings and structures, and the use, conditions of use, or the occupancy of land for trade, industry, residence, recreation, agriculture, grazing, water conservation, forestry, or other purposes; the establishment of setback lines for buildings and other structures along the streets and roads. As the work of making the whole master plan progresses, the commission may, from time to time, adopt and publish a part or parts thereof, any such part to cover one or more major sections or divisions of the county or one or more aforesaid functional matters to be included in the plan. The commission may from time to time amend, extend, or add to the master plan.
Section 7. PURPOSES IN VIEW: In the preparation of such master plan, the commission shall make careful and comprehensive surveys and studies of present conditions and future growth of such county with due regard to its relation to neighboring territory. The master plan shall be made with general purpose of guiding and accomplishing a coordinated, adjusted, and harmonious development of the county which will, in accordance with present and future needs and resources, best promote health, safety, morals, order, convenience, prosperity, and general welfare, as well as efficiency and economy in the process of development; including among other things, such distribution of population and of the uses of land for urbanization trade, industry, habitation, recreation, agriculture, forestry, and other purposes, as will tend to create conditions favorable to health, safety, transportation, prosperity, civic activities, and recreation, educational and cultural opportunities; will tend to reduce the waste of physical, financial, or human resources which result from either excessive congestion or excessive scattering of population; and will tend toward an efficient and economic utilization, conservation, and production of the supply of food and water, and of drainage, sanitary, and other facilities and resources.
Section 8. PROCEDURE OF COMMISSION: The commission may adopt the master plan as a whole by a single resolution or may, by successive resolutions, adopt successive parts of the plan as provided in Section 6 hereof, and may adopt any amendment or extension thereof or addition thereto. Before the adoption of the plan or any such part, amendment, extension, or addition, the commission shall hold at least one public hearing thereon, notice of time and place of which shall be given by one publication in a newspaper of general circulation in the county. The adoption of the plan or of any such part, amendment, extension, or addition shall be by resolution *1377 carried by the affirmative votes of a majority of the members of the commission, and such resolution shall refer expressly to the maps and descriptive and other matter intended by the commission to form the whole or part of the plan, and the action taken shall be recorded on the map and plan and descriptive matter by the identifying signature of the chairman and/.or secretary of the commission. An attested copy of the plan or part thereof shall be certified to the governing body of the county, to the Judge of Probate, and to the planning commissions of each municipality within the county-
Section 9. LEGAL STATUS OF OFFICIAL MASTER PLAN: Whenever the commission shall have adopted a master plan as the official master plan of the county or of one or more major sections or districts thereof, no public utility facility, whether publicly or privately owned, no public park or other recreation area, no public building or other public structure, no public road, and no other public works shall be authorized or constructed in the unincorporated territory of the county or in such planned section and district, until the location, character, and extent thereof shall have been submitted to and approved by the commission, which shall be guided by the provisions of the official master plan in making its decision; provided, however, that in case of disapproval, the commission shall communicate its reasons to the county commission, which shall have the power to overrule the disapproval by a recorded vote of not less than a majority of its entire membership; provided further, however, that if the public utility facility, public park or other public recreation area, public building or other structure, public road, or other public work be one the authorization or financing of which does not, under the law of charter provisions governing same, fall within the province of said county commission, then the submission to the planning commission shall be by the board, commission or .body having such jurisdiction, and the planning commission’s disapproval may be overruled by said board, commission, or body by a vote of not less than a majority of its membership. The acceptance, widening, removal, extension, relocation, narrowing, vacation, abandonment, change of use, acquisition of land for, or sale or lease of any public utility facility, whether publicly or privately owned, public park or other public recreation area, public building or other public structure, public road or other public works, shall be subject to similar submission and approval; and the failure to approve may be similarly overruled. The failure of the commission to act within sixty days from and after the date of official submission shall be deemed approval.
Section 10. MISCELLANEOUS POWERS AND DUTIES OF THE COMMISSION : The commission shall have power to promote public interest in and understanding of the master plan and to that end may publish and distribute copies of the plan or any. part thereof or any report relative thereto and may employ such other means of publicity and education as it may determine. The commission shall have the power and duty to promote the cooperation of planning commissions of municipalities within the county and the coordination of the plans of such municipalities with the county plan. Members of the commission and of its staff, when duly authorized by the commission, may attend planning conferences or meetings of planning institutes or hearings upon pending legislation, and the commission may, by resolution, spread upon its minutes, pay the reasonable traveling expenses incident to such attendance. The commission shall, from time to time, recommend to the appropriate public officials programs for public structures and improvements and for the financing thereof. It shall be part of its duties to consult and advise with public officials and agencies, public utility companies, civic, educational, professional, and other organizations, and with citizens with relation to the protecting or carrying out the plan. The commission shall have the right to accept and use gifts for the exercise of its functions. All public officials shall, upon request, furnish to the commission, within a reasonable time, such available information as it may *1378 require for its work. The commission, its members, officers, and employees, in the performance of their functions, may enter upon any land and make examinations and surveys and place and maintain necessary monuments and marks thereon. In general, the commission shall have such powers as may be necessary to enable it to fulfill its functions, promote county planning, and carry out the purposes of this Act.
TITLE II — SUBDIVISION CONTROL
Section 11. ESTABLISHMENT OF OFFICIAL MAP; SCOPE OF SUBDIVISION CONTROL: From and after the time when the County Planning Commission shall have adopted a master plan which includes a major road plan, or shall have progressed in its master planning to the extent of the making and the adoption of a major road plan, and shall have certified' a copy of such to the county commission, said county commission may establish an official map of the county showing the location of the roads of the whole or any part or parts of the county theretofore existing and established by law as public roads; such official map may also show the location of the lines of roads on plats of subdivisions which shall have been approved by the planning commission, or which were recorded before such approval was required. The county commission shall certify the fact of the establishment of such official map to the County Judge of Probate. Upon the approval, establishment and certification, herein prescribed, of a major road plan of the territory within its jurisdiction or part thereof, then no plat of a subdivision of land within such territory, or part thereof, shall be filed or recorded until it shall have been approved by the County Planning Commission. For purposes of record, such approval shall be entered in writing on the plat by the chairman and/or secretary of the planning commission. The jurisdiction of the County Planning Commission, for the purpose of regulating the subdivision of land, shall be the unincorporated territory of the county, excluding part or all of any areas within the police jurisdiction of an incorporated municipality over which a municipal planning commission is already exercising subdivision jurisdiction and control or within 90 days from the effective date of this Act adopts a resolution declaring its intention and plan to exercise subdivision jurisdiction and control. Nothing in this Act shall be construed to restrict the powers granted by statute to duly incorporated municipalities as to territory contiguous to but outside the limits of such municipalities.
Section 12. SUBDIVISION REGULATIONS: Before exercising the powers conferred in Section 11 of this Act, the planning commission shall adopt regulations governing the subdivision of land of and in its territorial jurisdiction. Such regulations may provide for the harmonious development of the county; for the coordination of roads or streets within subdivisions with other existing or planned roads or streets, or with other features of the master plan; for adequate open spaces for traffic, recreation, light, and air; for the conservation of or production of adequate transportation, drainage and sanitary facilities; for the avoidance of population congestion, including width and area of lots; and for the avoidance of such scattered or premature subdivision of land as would involve danger or injury to health, safety, or prosperity by reason of the lack of water supply, sanitation, drainage, transportation, or other public services, or necessitate an excessive expenditure of public funds for the supply of such services. Such regulations may include provisions as to the extent to which roads and streets and other ways shall be graded and improved and to which water, sewer, and other utility mains, piping, or other facilities shall be installed as a condition precedent to the approval of the plat. The regulations or practice of the commission may provide for a tentative approval of the plat previous to such installations; but any such tentative approval shall be revocable and shall not be entered on the plat. In lieu of the completion of such improvements and utilities prior to the final approval of the plat, the commission may accept a bond, with surety, to secure to the county the actual construction and installation of *1379 such improvements or utilities at a time and according to specifications fixed by or in accordance with the resolution of the commission. The county is hereby granted the power to enforce such bond by all appropriate legal and equitable remedies. All such regulations shall be published as provided by law for the publication of ordinances, and, before adoption, a public hearing., shall be held thereon. A copy thereof shall be certified to the county recorder by the County Planning Commission.
Section 13, PROCEDURE; LEGAL EFFECT OF APPROVAL OF PLAT: The planning commission shall approve or disapprove a plat within thirty days after the submission thereof to it; otherwise such plat shall be deemed to have been approved, and a certificate to that effect shall be issued by the commission on demand; provided, however, that the applicant for the commission’s approval may waive this requirement and consent to an extension of such period. The ground of disapproval of any plat shall be stated upon the records of the commission. Any plat submitted to the commission shall contain the name and address of a person to whom notice of hearing shall be sent; and shall also show the names and addresses of the owners of land immediately adjoining the platted land. Notice shall be sent to said person, and to such owners, individually, by registered mail of the time and place of such hearing not less than five days before the date fixed therefor. Every plat approved by the commission shall, by virtue of such approval, be deemed to be an amendment of or an addition to or detail of the official master plan and a part thereof. Approval of a plat shall not be deemed to constitute or effect an acceptance of the public of any road, street, or other open space shown upon the plat. The commission may, from time to time, recommend, to the county commission, amendments of the county zoning ordinance or map or additions thereto to conform to the commission’s recommendations for the zoning regulation of the territory comprised within approved subdivisions.
Section 14. PENALTIES FOR TRANSFERRING LOTS IN UNAPPROVED SUBDIVISIONS: Whoever, being the owner or agent of the owner of any land located within a subdivision, transfers or sells, or agrees to sell, or negotiates to sell any land by reference to or exhibition of or by other use of a plat of a subdivision, before such plat has been approved by the County Planning Commission and recorded or filed in the office of the county recorder, shall forfeit and pay a penalty of $100 for each lot or parcel so transferred or sold or agreed or negotiated to be sold; and the description of such lot or parcel by metes and bounds in the instrument of transfer or other document used in the process of selling or transferring shall not exempt the transaction from such penalties or from the remedies herein provided. The county may enjoin such transfer or sale or agreement by action for injunction brought in any court of equity jurisdiction or may recover the same penalty by civil action in any court of competent jurisdiction.
Section 15. JUDGE OF PROBATE’S DUTIES: A Judge of Probate who files or records a plat of a subdivision without the approval of the County Planning Commission as required by law shall be deemed guilty of a misdemeanor and shall be fined not less than $100 nor more than $500.
Section 16. IMPROVEMENTS IN UNAPPROVED ROADS AND STREETS: The county shall not accept, lay out, open, improve, grade, pave, curb, or light any road or street, or lay or authorize water mains or sewers or connections to be laid in any road or street, within any portion or territory for which the County Planning Commission shall have adopted a major road plan, unless such road or street (a) shall have been accepted or opened as or shall have otherwise received the legal status of a public road or street prior to the adoption of such plan, or unless such road or street (b) corresponds with a road or street on the official master plan or with a road or street on a subdivision plat approved by the commission or with a road or street on a road or street plat made by and adopted by the commission. The county commission may, however, accept any road or street not *1380 shown on or not corresponding with a road or street on the official master plan or on an approved subdivision plat or an approved road or street plat; provided, however, that the ordinance or other measure accepting such road or street be first submitted to the County Planning Commission for its approval and, if disapproved by the commission, be enacted or passed by not less than a majority of the entire membership of the county commission of the county. A road or street approved by the commission upon submission by the county commission, or a road or street accepted by a majority vote after disapproval by the commission shall, thereupon have the status of an approved road or street as fully as though it had been originally shown on the official master plan or on a subdivision plat approved by the commission or had been originally platted by the commission.
Section 17. BUILDINGS OR STRUCTURES WITHIN UNAPPROVED SUBDIVISIONS: From and after the time the County Planning Commission shall have adopted subdivision regulations, as provided in Section 12 of this Act, and a major road plan, as provided in Section 11 of this Act, no building permit shall be issued for a building and no building shall be erected in any lot of a proposed subdivision or adjacent to the lines of a proposed road or street, without the approval of the County Planning Commission.
TITLE III — COUNTY MAPS — ROADS ACT
Section 18. PLATTING OF STREET LINES BY PLANNING COMMISSION: From and after the time when the County Planning Commission shall have adopted a master plan which includes at least a major road plan or shall have progressed in its master planning to the extent of making and adoption of a major road plan, said commission shall have the power to make or cause to be made, from time to time, surveys for the exact locating of the lines of new, extended, widened, or narrowed roads or streets in the whole or in any portion of the county, and to make and certify to the county commission a plat or plats of the area or areas thus surveyed on which are indicated the locations of the lines recommended by the commission as the planned or mapped lines of future roads, road extensions, or road narrowings. The making or certifying of a plat by the commission shall not in itself constitute or be deemed to constitute the opening or establishment of any road or street or the taking or acceptance of any land for road or street purposes.
Section 19. ESTABLISHMENT OF OFFICIAL MAP: The establishment of an official map of the county, by the county commission, is provided for in Section 11 of this Act.
Section 20. OFFICIAL MAP ADDITIONS AND CHANGES: In the event that the official map established does not include the whole of the county but only certain part or parts thereof, then the county commission may add to the official map by placing thereon, from time to time, the lines of the roads which at the date of the establishment thereof, existed and were established by law as public roads in other part or parts of the county, or had been approved as roads, public or private, in such other part or parts of the county. Said county commission may also add to the official map by placing thereon, from time to time, the lines of roads or streets in accordance with the plat of any subdivision which shall have been approved by the planning commission of the county. Said county commission may make, from time to time, other additions to or modifications of the official map by placing thereon the lines of planned roads or road extensions (future), narrowing, widenings, or vacations; provided, however, that before making such other additions or modifications, said county commission shall hold a public hearing thereon, notice of the time and place of which shall be given not less than fifteen days previous to the time fixed therefor by one publication in a newspaper of general circulation in the county; provided, further, that such proposed addition to or modification of the official map shall be submitted to the planning commission for its approval, and, in *1381 the event such commission disapproves, such addition or modification shall require a favorable vote of not less than a majority vote of the entire membership of the county commission. Any road line location certified by the planning commission to the county commission, as authorized by Section 18 of this Act, shall be deemed approved by the commission without further submission thereof to said commission. The placing of any road or road lines upon the official map shall not in and of itself constitute or be deemed to constitute the opening or establishment of any road or the taking or acceptance of any land for road purposes.
Section 21. REGULATION OF BUILDINGS WITHIN FUTURE ROADS: For the purpose of protecting the integrity of the official map, no building shall be built and no permit shall be issued for any new building to be located entirely or in part within the mapped lines of any road shown on the official map; no building shall be altered nor shall any permit be issued for the structural alteration of the part of any existing building located within such mapped road lines, unless such alteration is for the purpose of facilitating the removal of that part of the building from the land within such lines. Any ordinance adopting an official map and providing for the addition thereto of the lines of planned future roads shall provide that the board of zoning adjustment, if any county have such board, or if not, that a board of adjustment created for the purpose of such ordinance, shall have the power, upon an appeal filed with it by the owner of such land, to authorize the grant of a permit for a building or structure or part thereof within any such mapped-road location in any case in which such board finds, upon the evidence and arguments presented to it upon such appeal, (a) that the property of the appellant of which such mapped-road location forms a part will not yield a reasonable return to the owner unless such permit be granted, or (b) that, balancing the interest of the county in preserving the integrity of the official map and the interest of the owner in the use and benefits of his property, the grant of such permit is required by consideration of justice and equity. Before taking any such action the board of adjustment shall hold a hearing thereon, at least ten days notice of the time and place of which shall be given to the appellant by mail at the address specified by the appellant in his appeal petition. In the event that the board of adjustment decides to authorize a building permit, it shall have the power to specify the exact location, ground area, height and other details and conditions of extent and character, and also the duration of the building, structure, or part thereof to be permitted.
Section 22. RESERVATION OF LOCATIONS OF MAPPED STREETS FOR FUTURE PUBLIC ACQUISITION: The County Planning Commission may, at any time, negotiate for or secure from the owner or owners of lands, lying within the mapped lines of any road shown on the official map, releases of claims for damages or compensation for such reservations or agreements indemnifying the county from such claims by others, which releases or agreements shall be binding upon the owner or owners executing the same and their successors in title. At any time after the filing of a plat with the Judge of Probate, and during the period specified for the reservation, the County Planning Commission and the owner of any land containing a reserved road location may agree upon a modification of the location of the lines of the proposed road, such agreement to include a release by said owner of any claim for compensation or damages by reason of such modification; and thereupon the County Planning Commission may make a plat corresponding to the said modification and transmit same to the county commission; and if such modified plat be approved by the county commission, the clerk of the body shall transmit an attested copy thereof to the said Judge of Probate, and said modified plat shall take the place of the original plat. At any time the county commission may, by resolution, abandon any reservation and shall certify any such abandonment to the said Judge of Probate.
*1382 Section 23. COMPENSATION FOR SUCH RESERVATIONS: In the resolution of adoption of a plat the county commission shall appoint a board of three appraisers and shall fix the time and place of meetings for hearings by said board upon the amounts of compensation to be paid for such reservations. Thereupon the clerk of the county commission shall publish in at least two newspapers of general circulation in the county once a week for four consecutive weeks a notice which shall contain a general description of the land thus reserved, as shown on the plat, the provisions of the resolutions of the county commission including the period of time for which such reservations are made, the time within which claims for compensation may be filed; which shall be not less than three months nor more than six months, from the date of the notice, and the time and place of hearings by the board of appraisers. The first hearing shall not be set earlier than thirty days after the date of the first of such publications. Such notice shall also be posted in at least three public places in the neighborhood of or along the line of the location of the reservation. The board of appraisers shall fix the amounts of compensation to be paid, respectively, to the owners of the lands reserved for the period of time as shown on the plat, and in the resolution adopted by the county commission. Whenever the clerk of the county commission receives, within the period fixed for the same, any claim for such compensation, he shall transmit it to the board of appraisers. At the time and place fixed for such hearings the board of appraisers shall hear and consider all claims presented to it in writing or in person, including all evidence which may be presented by the claimants or other persons. The board of appraisers shall have the right on its own initiative to investigate and ascertain data or evidence relevant to the question of such compensation. In case of the abandonment of a reservation prior to the time fixed for payment of compensation, the county shall be liable to the owner of the land included within the abandoned reservation for the expenses, if any, incurred by such owner by reason of such reservation.
Section 24. REPORT OF APPRAISERS AND COUNCIL’S ACTION: The board of appraisers shall, within ninety days after the time fixed for the filing of claims, file its tentative report with the clerk of the county commission, setting forth its findings as to the amounts of compensation to be paid the respective owners of the lands included within the lines of such reservations as located on the approved plat. Thereupon the clerk of the county commission shall publish once a week for two consecutive weeks in at least two newspapers of general circulation in the county the fact of the filing of the report of the appraisers and specify a period of thirty days from and after the date of the first such publication within which objections to the report may be filed with the clerk of the county commission. If objections be filed within said period, when the clerk of the county commission shall cause the board of appraisers to hold a meeting, at which said objections shall be transmitted to the board, and the board may modify its report. The report in its original form or, if modified, in its modified form, shall be transmitted to the county commission by its clerk. Before passing on the report, the county commission may return it to the board of appraisers for reconsideration, and the board may upon further consideration transmit its former or a modified report to the county commission. The county commission may approve or disapprove the report. If the report is approved, the county commission shall provide for the payment of amounts of compensation set forth in the report within ninety days after the filing of the report with it. In the case of those property owners who file claims, payments shall be made through the clerk of the county commission, who shall notify the claimants at the addresses given upon the claims filed with him. Payments to all other persons shall be made through the clerk of the circuit court of the county in which the reserved location is situated, by the payment of said clerk of the amounts awarded to such persons; notice of distribution to such persons to be *1383 given and made as may be provided by a rule or order of said court. Payments made as aforesaid to the clerk of the county commission or clerk of said court within said ninety days shall be deemed compliance with the above requirements for payment within ninety days. If the county commission disapproves the report or fails to provide for such payment within ninety days, such disapproval or failure shall be deemed a dismissal of the proceedings and a cancellation of the plat and an abandonment of the reservations of the street locations as shown on the plat, with the .same liability of the county for expenses as above provided in the case of abandonment by resolution; and thereupon the clerk of the county commission shall cause to be transmitted to the probate judge of the county an attested statement of such abandonment.
Section 25. APPEAL FROM COMPENSATION AWARDS: Within twenty days after the approval of any such report by the county commission, any person dissatisfied with the award or compensation therein contained may file with the clerk of the county commission notice of appeal to a court of the county. Thereupon, and within ten days of such notice, the clerk of the county commission shall file with the clerk of said court the report of the board of appraisers approved by the county commission, together with certified copies of the resolution of the county commission and of the notice of appeal. Within five days thereafter the appellant shall give and file with the clerk of said court an appeal bond, running to the county and for such amount as may be fixed by the court, to secure the county against the cost of the appeal case in the event that appellant fails to obtain an award of compensation greater than that fixed in the said report. Thereupon said appeal case shall be deemed to be filed and pending as a case brought by the county to appropriate and assess the compensation to be paid for the reservation of the land of the appellant as shown on the approved plat for the period fixed in the resolution of the county commission, and the procedure shall be in accordance with the procedure specified by law in the proceedings for the taking or appropriation of property for public use for streets; and the county shall pay the appellant the amount fixed in said case, or, in case it abandons the reservations, the amount of costs and expenses incurred by the appellant in said case.
Section 26. COMPENSATION FOR BUILDING IN RESERVED STREET LOCATIONS: The reservation of a street location, as provided in Section 22 of this Act, shall not be deemed to prohibit or impair in any respect the use of the reserved land by the owner or occupant thereof for any lawful purpose, including the erection of buildings thereon; but no compensation, other than the compensation awarded in the final report of said board of appraisers as approved by the county commission as provided in Section 24 of this Act, or, in the case of an appeal, as awarded on such appeal as provided in Section 25 of this Act, shall at any time be paid by the county or public to or recovered from the county or public by any person for the taking of or injury to any building or structure built or erected within the period fixed in the resolution of the county commission upon any such reserved location. No compensation or damages for any such reservation shall be paid or recovered except as provided in Sections 23-25 of this Act.
TITLE IV — MISCELLANEOUS PROVISIONS
Section 27. SAVING CLAUSE: The invalidity of any portion or provision of this Act shall not affect the validity of any other portion or provision.
Section 28. REPEAL: All laws or part of laws in conflict herewith, are hereby repealed.
Section 29. TIME OF TAKING EFFECT: This Act shall take effect upon being signed by the governor, or otherwise becoming a law.
Your resolution presents two questions: (1) does the proposed local law intrude upon an area already provided for by general law in Title 11, Chap. 85, Code 1975, and thereby violate § 105 of the Constitution of Ala *1384 bama of 1901, and (2) may Act 581 of the 1947 Regular Session be repealed by an amendment to this local act or must it be repealed by a separate general bill based on the same population classification?
(1)
Title 11, Chap. 85, provides for regional planning commissions designated to operate in a wider geographical area than county planning commissions. It does not preclude the existence of county planning commissions, joint planning commissions, or municipal planning commissions, whose legal authority is explicitly recognized in § 11-85-40, Code 1975. Thus this proposed local law does not encroach on an area provided for by general law (Title 11, Chap. 85) and does not conflict with § 105. The answer to your first question is no.
(2)
We pretermit consideration of your second question. Code of 1975, § 12-2-10 permits us to answer only questions of the constitutionality of pending legislation.
Respectfully submitted,
C. C. TORBERT, Jr., Chief Justice
JAMES N. BLOODWORTH JAMES H. FAULKNER RENEAU P. ALMON JANIE L. SHORES ERIC EMBRY SAM A. BEATTY Associate Justices.