*1388 Members of the Senate
State House
Montgomery, Alabama 36130
Dear Senators:
We have received Senate Resolution No. 106 by which you request the opinion of the Justices as to whether Senate Bill 403 violates the Constitution of Alabama of 1901, as amended.
The questions posed by your resolution are as follows:
“(1) Is S. 403 a ‘bill for raising revenue’ within the meaning of Section 70 of the Constitution or is it a bill that escapes the requirement of originating in the House of Representatives because, pursuant to the exercise of the state’s police power, it provides a comprehensive scheme for permits ting and regulating commercial gaming in which the imposition of license taxes is incidental to its principal purpose?
“(2) If S. 403 constitutes a ‘bill for raising revenue’ that would otherwise be required to originate in the House of Representatives, will the constitutional infirmity of its origination in the Senate be cured by the adoption of the constitutional amendment proposed by S. 402, which contains a provision ratifying, confirming and validating the act resulting from the passage of S. 403?”
The resolution states that S. 403 would, “if enacted into law, repeal long-standing criminal and civil prohibitions against gaming in the state, provide for both state and local elections on the removal of such prohibitions, authorize the licensing of casino gaming in certain locations of the state, provide a comprehensive system for the licensing and regulation of casino gaming, empower [a] commission to function as a law enforcement agency and monitor and exclude undesirable persons from contact with casino gaming, and impose certain license taxes on persons licensed to conduct casino gaming or related businesses.”
The resolution also sets out the effect of S. 402, “which proposes a constitutional amendment that annuls Section 65 of the Constitution and substitutes in lieu thereof provisions that authorize the Legislature to create a state-operated lottery and to prohibit or to allow and control commercial gambling under such conditions as it deems desirable.”
Since we have received the resolution asking these questions, we have become aware of, and we take judicial notice of, the fact that S. 403 has been indefinitely postponed from further consideration. We therefore conclude that S. 403 is no longer pending before the Senate. This Court may not issue advisory opinions regarding issues that do not concern pending legislation. Opinion of the Justices No. 258, 370 So.2d 1373 (Ala.1979); Opinion of the Justices No. 242, 356 So.2d 172 (Ala.1978); Opinion of the Justices No. 225, 335 So.2d 392 (Ala.1976); Opinion of the Justices No. 210, 291 Ala. 128, 278 So.2d 711 (1973). Accordingly, we respectfully decline to address the questions asked in Senate Resolution No. 106.
QUESTIONS DECLINED.
Respectfully submitted,
SONNY HORNSBY Chief Justice
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
J. GORMAN HOUSTON, Jr.
MARK KENNEDY
KENNETH F. INGRAM
RALPH D. COOK
TERRY L. BUTTS Justices