To the Honorable Speaker and Members of The House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
We are in receipt of House Resolution No. 54 requesting an advisory opinion of the Supreme Court relating to the following House Bill 284, which provides:
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, H. B. 284, a copy of which is attached to this resolution and made part hereof by reference:
1. Does Section 1 of H. B. 284, specifically the language on page 4 thereof, under the definition under subsection (9) “PUBLIC EMPLOYEE,” which includes as public employees “newspaper firms or associations, and their agents or officials, which provide publications of legal notices which are paid by the state,” violate the provisions of [Art. I, § 4] of the State Constitution?
RESOLVED FURTHER, That the Clerk of the House is hereby directed to send a sufficient number of true copies of the pending bill, H. B. 284, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
We perceive no per se violation of Art. I, § 4 of the Alabama Constitution by amending the Ethics Act to include within the definition of “public employee,” “newspaper firms or associations, and their agents or officials which. provide publications of legal notices which are paid by the state.” Whether the State can constitutionally com *47 pel those persons to comply with the disclosure requirements of the Ethics Act is a question not presented. However, any opinion on this question would of necessity be based upon hypothetical assumptions and conjecture. Opinions founded upon such a basis are not authorized by Code 1975, § 12-2-10. Opinion of the Justices, 287 Ala. 325, 251 So.2d 742 (1971); Opinion of the Justices, 267 Ala. 110, 100 So.2d 565 (1958). Furthermore, “a question of this importance, [i. e., whether the State can constitutionally compel economic disclosure by newspapers and their agents] should not be approached in the abstract. Indeed a question of this magnitude should be resolved in the context of an adversary setting, with an actual fact situation before us, fully briefed and argued to the court.” Opinion of the Justices, 294 Ala. 578, 319 So.2d 705 (1975).
Respectfully submitted,
C. C. TORBERT, Jr. Chief Justice
HUGH MADDOX
JAMES M. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
ERIC EMBRY
SAM A. BEATTY
OSCAR W. ADAMS, Jr. Associate Justices