To the Honorable Speaker and Members of the House of Representatives
State Capitol
Montgomery, Alabama
Dear Ladies and Gentlemen:
The Chief Justice has received a letter from the Honorable John W. Pemberton, Clerk, House of Representatives, dated March 17,1981, forwarding a copy of House Resolution No. 149 in which the House has requested our opinion as to the constitutionality of House Bill 687, 1980 Regular Session. The resolution reads as follows:
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending H. B. 687, pertaining to the incorporation of a municipality, copies of which are attached to this resolution and made a part of hereof by reference. In pertinent part, H. B. 687 reads:
“. ..; provided, that an unincorporated community lying within or partly within the boundaries of a county having a population of 600,000 or more, according to the most recent federal decennial census, shall not be incorporated under this section if the territory proposed to be incorporated has a total population of less than 1,000 or if the territory or any part of its perimeter lies within three miles of the corporate *48 limits of any existing city or town.” (Emphasis added) >
1. Does the language of H. B. 687, set out herein, fall within the United States constitutional prohibitions of the Fourteenth Amendment for due process and equal protection of the laws and therefore operate arbitrarily and discriminato-rily against certain people of the state because they'live “within three miles of the corporate limits of any existing city or town” only when the boundaries lie within a county having 600,000 or more inhabitants?
2. Does the language of the said bill, set out hereinabove, contravene the provisions of Article I, Section 1 of the Constitution of Alabama, 1901, in that this general law has unequal public application which operates to arbitrarily violate the constitutional rights of citizens within the same county?
3. Does the language of the said bill contravene the provisions of Article I, Section 35 of the Constitution of Alabama, 1901, in that the provisions operate arbitrarily or capriciously against certain citizens in a certain classification without a compelling state interest?
4. Does the language of H. B. 687 exclude a certain group of persons within the same territory so as to deny them due process and equal protection of the laws guaranteed under the federal constitution?
RESOLVED FURTHER, That the Clerk of the House of Representatives is hereby directed to send sufficient copies of the pending bill, H. B. 687, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
The copy of House Bill No. 687, forwarded with the resolution, reads:
A BILL
TO BE ENTITLED
AN ACT
To provide for the method of incorporating a municipality and to provide certain exceptions. BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. When the inhabitants of an unincorporated community, which has a population of not less than 100, constituting a body of citizens whose residences are contiguous to and all of which form a homogeneous settlement or community, desire to become organized as a municipal corporation, they may apply to the probate judge of the county in which such territory is situated, or the greater portion thereof if it is situated in two or more counties, for an order of incorporation, by a petition in writing signed by not less than 15 percent of the qualified electors residing within the limits of the proposed municipality; provided, that an unincorporated community lying within or partly within the boundaries of a county having a population of 600,000 or more, according to the most recent federal decennial census, shall not be incorporated under this section if the territory proposed to be incorporated has a total population of less than 1,000 or if the territory or any part of its perimeter lies within three miles of the corporate limits of any existing city or town.
Such petition shall state the proposed name of such municipality and shall have attached thereto and as a part thereof an accurate plat of the territory proposed to be embraced within the corporate limits, including all subdivisions into lots, blocks, streets and alleys, within such territory, if any, and an accurate description by metes and bounds of the boundary of such territory. No platted or unplatted territory shall be included within such boundary unless there are at least four qualified electors, according to government survey, residing on each quarter of each quarter section or part thereof of such platted or unplatted land, who assent thereto in writing by signing said petition, together with the consent of the persons, firms, or corporations^ owning at least 60 percent of the acreage of such platted or unplatted lands, such consent *49 to be signified by their signing said petition. Proof of residence and qualifications as electors of petitioners and of persons affected shall be made to the judge of probate, by affidavit or otherwise, as he may direct. When determining the ownership of such lands, the person, firm or corporation assessing the same for taxation shall be accepted by the probate judge as prima facie the owner thereof.
Section 2. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
Section 3. All laws or parts of laws which conflict with this Act are hereby repealed.
Section 4. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
Having examined your resolution and H. B. 687, we find no significant difference in your request for an advisory opinion from that recently denied in Opinion of the Justices., 396 So.2d 46 (Ala.1981). As in that case, the language on which you request our opinion is currently embodied in Code 1975, § 11-41 — 1. This fact is not altered by the absence of any reference to that Code section in your resolution and proposed bill. Thus, what this Court determined in Opinion of the Justices, supra, is applicable here, viz.:
Since the language of Code 1975, § 11-41 — 1, on which you request our opinion, is currently a part of the Code of Alabama, we are of the view that we should not address the constitutionality of that Code section in an advisory opinion. While individual Justices, within permissible limits, are privileged to give individual opinions on important constitutional questions properly submitted, yet the Supreme Court, of which these Justices are members, is an appellate court and the constitutionality of statutes should be tested by appropriate adversary proceedings when available or when at all possible.
Respectfully submitted,
C. C. TORBERT, Jr. Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
T. ERIC EMBRY
SAM A. BEATTY
OSCAR W. ADAMS, Jr.