*1306 Members of the Senate
State Capitol
Montgomery, Alabama
Dear Senators:
We have received Senate Resolution 105, which requests an advisory opinion on several questions relating to Act No. 81-889, the Budget Isolation Amendment. The Secretary of State, Don Siegelman, has also filed with this Court a copy of a “Petition for Writ of Mandamus, Prohibition, and for Declaratory and Other Relief,” which has been recently filed and is now pending in the Circuit Court of Montgomery County.
After a careful review of the questions posed in the request for an advisory opinion and the matters currently being litigated in the Montgomery Circuit Court, we are compelled to respectfully decline your request for an advisory opinion.
The advisory opinion request contains the following questions:
“(1) Pursuant to the facts stated ... concerning the return of said Act No. 81-889 to the Legislature, was any further official action on the part of the Legislature prior to returning said Act to the Secretary of State on April 26, 1982 necessary to ensure that said Act No. 81-889 remained a viable proposed Constitutional Amendment?
“(2) Was said Act No. 81-889 properly placed on the March 13, 1984 election ballot in view of HJR 16, Act No. 84-48, 1984 Regular Session, which directs that Act No. 81-889 be kept in the Secretary of State’s office?
“(3) Does House Bill 159, Act No. 84-53 of the 1984 Regular Session effectively repeal said Act No. 81-889 of the First Special Session of 1981?
“(4) Are the Governor’s responsibilities of giving notice of a proposed constitutional amendment and the proclamation of the results of an election held thereon as provided in Amendment 24 of the State Constitution absolutely essential for the ratification of a proposed constitutional amendment?
“(5) Did the advertising ordered by the then Governor Fob James pursuant to his proclamation of September 7, 1982, substantially satisfy the notice requirements for proposed constitutional amendments pursuant to Amendment 24 of the state constitution?
“(6) Can the various media coverage of the amendment proposed by said Act No. 81-889 combined with the substantial number of voters who voted thereon at the March 13, 1984, election be construed to have given constructive notice of the election, and thereby substantially satisfy the notice requirements of Amendment 24 of the state constitution?
“(7) Was the amendment proposed by Act No. 81-889, S. 32 of the First Special Session 1981, ratified at the March 13, 1984 election?
“(8) If Act No. 81-889 was ratified at the March 13, 1984 election, does the amendment apply to the conduct of business in the 1983 Regular Session and the current 1984 Regular Session, or both?
“(9) If the amendment does apply to the 1983 Regular Session and the current 1984 Regular Session, were the .bills which were enacted in the 1983 Regular Session and those bills which were passed by the Legislature and delivered to the Governor prior to March 13, 1984 validly enacted?
“(10) Have the pending House and Senate bills which have received a third reading in the house of origin been legally transmitted to the respective other house?
*1307 “(11) If the pending House and Senate bills have not been legally transmitted, can the Legislature pass a joint resolution with retroactive application transmitting those bills from one house to the other?
“(12) If the Legislature can pass a joint retroactive resolution to transmit the pending bills from one house to the other, would such a joint resolution have to pass the Legislature by a majority vote of a quorum present, by a % vote of a quorum present, or by a ¾ vote of all elected members?
“(13) Did the Governor of the State of Alabama have authority to instruct the Probate Judges of the various counties of Alabama not to count and report the votes which were cast by the people of Alabama on March 13, 1984, on the Constitutional Amendment?”
These questions can be grouped into two broad categories. Questions one through seven and question thirteen deal with the validity of the proposed amendment, that is, whether it was properly on the ballot, was approved by a vote of the people, and is now valid and binding. The remaining questions, eight through twelve, deal with the effect the Budget Isolation Amendment, if found to be valid and binding, would have on the conduct of business by the Legislature.
The relief requested in the petition filed in circuit court is as follows:
1. That defendant probate judges be required to promptly certify the votes with respect to the proposed amendment.
2. That defendants Wallace and Grad-dick be required to certify the statewide vote totals and perform all other constitutional and statutory responsibilities with regard to said election.
3. That defendant Wallis and those acting in concert with him be enjoined from further interfering with the election process.
4. To declare that if the proposed amendment was approved by a vote of the people, it is valid and binding in all respects.
5.If the court finds that the proposed amendment was not properly advertised by defendant Wallace and the proposed amendment is not valid and binding, then that the court set a new election date and order that the proposed amendment be advertised in accordance with law.
The issues in the proceedings in circuit court can also be categorized as dealing with the validity of the proposed amendment, that is, whether it was properly on the ballot, whether it was approved by the people, whether the votes should be certified, and whether the proposed amendment is now valid and binding. On March 26, 1984, the Honorable William R. Gordon issued a writ of mandamus ordering the defendant probate judges to certify, in compliance with Code 1975, § 17-17-2, the election results of all votes cast in the March 13, 1984, election on the proposed amendment, so that the trial court could proceed with the orderly resolution of the remaining issues. Judge Gordon refused to issue a writ of mandamus to compel defendants Wallace and Graddick to certify the statewide results of the election, because plaintiffs had not shown that they would refuse to do so. Judge Gordon refused to enjoin defendant Wallis from further interference in the election certification process. Resolution of the remaining issues was postponed until the election results were certified and the parties submitted additional briefs on the remaining issues.
Whenever the questions posed in a request for an advisory opinion have been the subject of pending litigation, we have declined to issue an advisory opinion. Opinion of the Justices No. 298, 431 So.2d 496 (Ala.1982); Opinion of the Justices No. 289, 410 So.2d 388 (Ala.1982). This policy of allowing the questions to be answered in the adversarial proceeding stems from the preference for using a process that allows all interested parties to have their day in court and an attempt to avoid prejudicing the rights of the litigants in the pending civil action. Opinion of the Justices No. 298, 431 So.2d 496 (Ala.1982). Therefore, we decline to answer questions *1308 one through seven and question thirteen, because they are the subject of pending litigation.
We observe that the circuit court has acted expeditiously with respect to holding an early hearing and has already issued a writ of mandamus. Governor Wallace, through his attorney, has requested that Judge Gordon decide the remaining issues on the basis of the evidence and exhibits received at the prior hearing, if the parties feel no additional evidence is necessary, and the briefs, which are to be filed with the court by March 30, 1984. We are confident that the circuit court will give this important case the priority it deserves.
Without the resolution of the question of whether the proposed amendment is now valid and binding, questions eight through twelve, dealing with the effect of the proposed amendment on the conduct of business by the Legislature, are hypothetical. In order to answer those questions, we would have to assume that the proposed amendment is valid and binding. Opinions on hypothetical questions are not authorized by Code 1975, § 12-2-10. Opinion of the Justices No. 273, 396 So.2d 46 (Ala.1981). Therefore, we must also decline to answer questions eight through twelve.
In conclusion, we respectfully decline to issue an advisory opinion as to questions one through seven and question thirteen, in view of the pending litigation, and we decline to issue an advisory opinion on questions eight through twelve because, without the resolution of the threshold question of the validity of the proposed amendments, they are merely hypothetical.
Respectfully yours,
C.C. Torbert, Jr. Chief Justice
Hugh Maddox
James H. Faulkner
Richard L. Jones
Reneau P. Almon
Janie L. Shores
Eric Embry
Sam A. Beatty
Oscar W. Adams, Jr. Justices