*391 The Honorable Guy Hunt
Governor
State of Alabama
Governor’s Office
Montgomery, Alabama 36130
Dear Governor Hunt:
Your request for an advisory opinion regarding the constitutionality of House Bill 16 involves issues that are also involved in litigation pending in the Court of Civil Appeals. See White v. Reynolds Metals Co., 558 So.2d 367 (Ala.Civ.App.1989). Advisory opinions have traditionally been withheld when the questions presented have been the subject of pending litigation. Opinion of the Justices No. 306, 447 So.2d 1305 (Ala.1984); Opinion of the Justices No. 298, 431 So.2d 496 (Ala.1982); Opinion of the Justices No. 289, 410 So.2d 388 (Ala.1982).
Therefore, because your request involves questions vitally important to the people of the State of Alabama, we will today issue a writ of certiorari to the Court of Civil Appeals in White, supra, pursuant to this Court’s supervisory jurisdiction under the Alabama Constitution of 1901, Amendment 328, § 6.02(b), and Alabama Code 1975, § 12-2-7, and will invite briefs from each party. Oral argument will be heard Monday, December 11, 1989, at 1:30 p.m. The case will be expedited and a decision will be forthcoming.
Our exercise of this power is necessitated by your request and by the special legislative session that has been called to address the fiscal emergency created by the declaration in White, supra, of unconstitutionality of the corporate franchise tax, Alabama Code 1975, §§ 40-14-40 and 40-14-41.
We note that the bill introduced in the special session and made the subject of your advisory opinion request states in its declarations of legislative intent that the purpose of the bill is to remedy the perceived unconstitutionality of the franchise tax:
“Under Section 229 of Article XII of the Constitution of Alabama (1901), as amended by Amendment No. 27, this Legislature is required to provide for the payment to the State of Alabama of a franchise tax by corporations organized under the laws of this state, which shall be in proportion to the amount of capital stock. Under Section 232 of Article XII of the Constitution of Alabama (1901), this Legislature is required to provide for the payment by foreign corporations of a franchise tax which is based on the actual amount of capital .employed in this state. In requiring the franchise tax of domestic corporations to be in proportion to capital stock, and in requiring the franchise tax of foreign corporations to be based on the actual capital employed in this state, Section 229 and Section 232 sought to avoid discrimination between domestic and foreign corporations. Louisville & Nashville R.R. Co. v. State, 201 Ala. 317, 318, 78 So. 93, 94 (1917). When Section 229 and Section 232 were adopted by the people of this state, capi *392 tal stock accurately reflected the value of domestic corporations and, to the extent that the value of a foreign corporation was attributable to this state, the actual capital employed by foreign corporations accurately represented that value. However, legal conventions and customs have changed over time, so that capital stock alone no longer accurately represents the value of most domestic corporations. Thus, under the franchise taxes previously levied pursuant to the mandates of Section 229 and Section 232, there has developed a risk of discriminating against foreign corporations. This risk runs contrary to the intent and purpose of Section 229 and Section 232. This Act will eliminate that risk of discrimination by taxing all corporations doing business in this state based on the actual amount of capital employed in this state in proportion to the amount of the corporation’s capital stock, to further the intent and purpose behind Section 229 and Section 232.”
Therefore, because the concern of discrimination against foreign corporations stems from the holding in White, supra, your request for an advisory opinion on the constitutionality of proposed House Bill 16 requires this Court to review the judgment of the Court of Civil Appeals in conjunction with our consideration of, and prior to our answer to, your request. Your request for an advisory opinion will be answered promptly once that litigation has been concluded.
SONNY HORNSBY Chief Justice
HUGH MADDOX
RICHARD L. JONES
RENEAU P. ALMON
JANIE L. SHORES
OSCAR W. ADAMS, JR.
J. GORMAN HOUSTON, JR.
HENRY B. STEAGALL, II
MARK KENNEDY Associate Justices
To the Honorable Guy Hunt
Governor
State of Alabama
Governor’s Office
Montgomery, Alabama 36130
Dear Governor Hunt:
We postponed our answer to your request for an advisory opinion pending our decision in In re White v. Reynolds Metals Co., 558 So.2d 373 (Ala.1989). Given the decision of the Court of Civil Appeals in that case, the contents of your proposed tax legislation, and the mandates of § 229 and § 232 of the Alabama Constitution, it was impossible for us to properly respond to your inquiry without first determining whether the franchise tax on foreign corporations was constitutional when measured against the equal protection and commerce clauses of the United States Constitution.
It thus became necessary for this Court to exercise its supervisory powers and issue a writ of certiorari to the Court of Civil Appeals, because we are not at liberty to change the meaning of the Alabama Constitution unless we first determine that the United States Constitution mandates such a change, and because it became clear that none of the parties would invoke an expedited review in time for this Court to make such a determination during the special session of the legislature.
Therefore, in conjunction with our release today of the White decision, we hereby answer your request as to the constitutionality of pending bill H.B. 16 under the Alabama Constitution of 1901, Article XII, § 229. That request reads as follows:
“The question is whether the proposed statute violates Section 229. The relevant text of the proposed statute reads as follows:
“(a) Every corporation doing business in this state, except strictly benevolent, educational or religious corporations, shall pay annually to the state an annual franchise tax at a rate to be established, based on its actual capital employed in this state; provided, that in no event shall the amount paid by any corporation for annual franchise tax be less than the sum of $100.00.
*393 “(b) The term ‘corporation,’ as used in this chapter, shall be construed to include all joint stock companies, and all associations having any of the powers or privileges of corporations not possessed by individuals or partnerships.
“(c) A corporation’s actual capital employed in this state shall be the product of the value of its capital stock multiplied by its allocation factor. The value of a corporation’s capital stock shall be deemed to be the sum of the following:
“(1) The issued capital stock, without reduction for the value of shares issued, repurchased and now held as treasury stock;
“(2) Surplus and undivided profits, which shall include any amounts designated for the payment of dividends until such amounts are definitely and irrevocably placed to the credit of stockholders subject to withdrawal on demand;
“(3) The amount of bonds, notes, debentures, or other evidences of indebtedness payable in one year;
“(4) The amount of bonds, notes, debentures, or other evidences of indebtedness maturing and payable at the time to:
“(i) any stockholder owning directly or indirectly 10 percent or more of the capital stock of such corporation; or
“(ii) any corporation, not required to pay a franchise tax to the State of Alabama, owning more than 50 percent of the capital stock of the taxpaying corporation; or
“(iii) any corporation, not required to pay a franchise tax to the State of Alabama, more than 50 percent of the capital stock of which is owned by the taxpaying corporation.
“(5) The amount of all and any other liabilities which are due and payable more than one year after the first day of the tax period.
“(d) The allocation factor used in determining a corporation’s actual capital employed in this state shall be established by regulation promulgated by the commissioner of revenue to account for a corporation’s property situated in this state and its business done and transacted in this state.
“(e) The following shall be excluded from the value of capital stock of a filing corporation:
“(i) deposit liabilities of financial institutions as defined by state or federal law; and
“(ii) a corporation’s investment or other ownership interest in a subsidiary corporation subject to filing under the provisions of this chapter; provided, that the subsidiary corporation includes such investment or other ownership interest in the value of its own capital stock.
“(f) If the commissioner determines that a corporation’s return for any tax year does not accurately disclose the actual capital employed in ⅛⅛ state by the corporation, the actual capital employed in this state by the corporation for that tax year shall be determined by the commissioner based upon any other information obtained by the commissioner.”
(Emphasis added.)
Section 229 of the Alabama Constitution of 1901, as amended by amendment number 27, reads, in pertinent part:
“The legislature shall, by general laws, provide for the payment to the state of Alabama of a franchise tax by corporations organized under the laws of this state which shall be in proportion to the amount of capital stock.”
(Emphasis added.)
We answer your question in the affirmative. As we stated in detail in In re White v. Reynolds Metals Co., supra, § 229 makes no provision for apportionment or allocation of the franchise tax on domestic corporations. The constitutional convention explicitly amended the provision applying to foreign corporations, now found at § 232, so as to allow such apportionment. Id. The failure to so amend § 229 provides convincing evidence that the framers did not intend to allow such apportionment *394 with regard to domestic corporations, and the terms of that section do not allow such apportionment.
The proposed bill would make a domestic-corporation’s franchise tax proportional, not to its capital stock alone, but to its “actual capital employed in this state,” which is a product of its “capital stock,” as defined, and an “allocation factor,” which takes into account the corporation’s property situated in this state and its business transacted in this state. Thus, supposing two domestic corporations with equal “amounts of capital stock” (§ 229), but one with all of its business and property in this state and the other with only 1% of its business and property in this state, the former would pay 100 times more franchise tax. The proposed tax is not in proportion to the amount of capital stock.
In sum, therefore, § 229 provides that a franchise tax on a domestic corporation is to be imposed in proportion to its capital stock, but the proposed tax would decrease according to a second proportion, that is, the proportion of the corporation’s property situated outside this state and its business transacted outside this state. That second proportion prevents the statute from complying with § 229.
QUESTION ANSWERED.
SONNY HORNSBY Chief Justice
HUGH MADDOX
RICHARD L. JONES
RENEAU P. ALMON
JANIE L. SHORES
OSCAR W. ADAMS, JR.
J. GORMAN HOUSTON, JR.
HENRY B. STEAGALL, II
MARK KENNEDY Associate Justices