*479 Members of the House of Representatives
Alabama State House
Montgomery, Alabama 36130
Dear Representatives:
We acknowledge receipt of House of Representatives Resolution No. 49, requesting an advisory opinion on the constitutionality of House Bill No. 58 and House Bill No. 100. House Resolution No. 49, House Bill No. 58, and House Bill No. 100 read:
“[House Resolution No. 49:]
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bills, H. 58 and H. 100, copies of which are attached to this resolution and made a part hereof by reference:
“1. From their inception or creation, were the supernumeraries which would be affected by ratification of the constitutional amendments proposed by these bills, constitutional?
“2. Over the years, was the compensation paid to supernumeraries constitutional expenditures of public monies?
“3. If the answer to Question 1 or Question 2, or both, is in the affirmative, would the ratification of the constitutional amendments proposed by H. 58 and H. 100 make supernumerary status and the public monies expended for compensation of supernumeraries constitutional?
“RESOLVED FURTHER, That the Clerk of the House is hereby directed to send sufficient true copies of the pending bill, H. 58 and H. 100, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
*480 “[House Bill No. 58]:
“SYNOPSIS: Under existing law, elected public officials are prohibited from participating in the Employees’ Retirement System. Mayors, sheriffs, and certain county officials may, however, assume supernumerary offices which allows them to receive full pay for diminished responsibilities on their jobs. This proposed constitutional amendment would prohibit supernumerary positions for sheriffs and other elected officials after the ratification of the proposed amendment while preserving the interests of officials currently serving in supernumerary positions prior to the ratification of the proposed amendment. This bill would allow mayors, sheriffs, and certain county officials to participate in the Employees’ Retirement System.
“A BILL
“TO BE ENTITLED AN ACT
“Proposing an amendment to the Constitution of Alabama of 1901, to prohibit the establishment of supernumerary positions and allow those affected officials to participate in the Employees’ Retirement System.

“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

“Section 1. The following amendment to the Constitution of Alabama of 1901, as amended, is proposed and shall become valid as a part thereof when approved by a majority of the qualified electors voting thereon and in accordance with Sections 284, 285, and 287 of the Constitution of Alabama of 1901, as amended.
“PROPOSED AMENDMENT
“No mayor, sheriff, or elected or appointed county official shall assume a supernumerary office after the effective date of this amendment. Any person who, on the effective date of this amendment, is entitled to participate in a supernumerary program may continue to participate in that supernumerary program, which shall include the assumption of a supernumerary office according to the terms and conditions of the law which established that supernumerary program. Every mayor, sheriff, and elected or appointed county official may participate in the -Employees’ Retirement System of Alabama, or any municipal or county retirement system in the same manner and upon the same terms and conditions as may be specified by law for any other employee in the same retirement system. For the purposes of this amendment, the words ‘elected or appointed county official’ shall include any person appointed to serve the remaining term of an elected or appointed county official but shall not include a judge, district attorney, legislator, or any official elected from a judicial circuit.
“Section 2. An election upon the proposed amendment shall be held at the next general, special, primary, or constitutional amendment election held more than three months after final adjournment of the session of the Legislature at which this act is adopted. The election shall be held in accordance with Sections 284 and 285 of the Constitution of Alabama of 1901, as amended, and the general election laws of this state.
“Section 3. Notice of the election and of the proposed amendment shall be given by proclamation of the Governor. The proclamation shall be published once a week for four successive weeks immediately preceding the day appointed for the election in a newspaper in each county of the state. In every county in which no newspaper is published, a copy of the notice shall be posted at each courthouse and post office.”
“[House Bill No. 100]:
“SYNOPSIS: Under existing law, elected public officials are prohibited from participating in the Employees’ Retirement System. Because of the prohibition, certain elected officials are granted supernu *481 merary status when they are retired from public office.
“This bill would propose an amendment to the Constitution of Alabama of 1901, which would phase out the current supernumerary program for county ad valorem tax officials and allow them to participate in the state Employees’ Retirement System or any other retirement system in which the county employees of the county served by the official may participate.
“A BILL
“TO BE ENTITLED AN ACT
“Proposing an amendment to the Constitution of Alabama of 1901, to provide certain county ad valorem tax officials may participate in the Employees’ Retirement System or other county retirement systems in lieu of participation in a supernumerary program or system.

“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

“Section 1. The following amendment to the Constitution of Alabama of 1901, as amended, is proposed and shall become valid as a part thereof when approved by a majority of the qualified electors voting thereon and in accordance with Sections 284, 285, and 287 of the Constitution of Alabama of 1901, as amended:
“PROPOSED AMENDMENT
“A county ad valorem tax official shall not assume a supernumerary office after the effective date of this amendment except as provided in this amendment. A person who, on the effective date of this amendment, is serving as a supernumerary official, or has made an election, or is otherwise entitled to participate in the supernumerary program provided by Title 40, Chapter 6, Code of Alabama 1975, may continue to serve or participate in the supernumerary program as provided therein.
“Notwithstanding any provisions of this Constitution to the contrary including but not limited to Article IV, Section 98 as amended by Amendment No. 513, a county ad valorem tax official may participate in the Employees’ Retirement System of Alabama or any successor retirement system thereto if the county served by the official is a county unit member of the Employees’ Retirement System. Otherwise, the coun-. ty ad valorem tax official may participate in their county unit retirement system for employees of the county served by the official. Participation by a county ad valo-rem tax official in the county or state retirement system shall be upon the same terms and conditions provided by law for participation by a state or county employee in the system. Nothing in this amendment shall be construed as authorizing a person to participate in both the county ad valo-rem tax official supernumerary program and the Employees’ Retirement System of Alabama or a county retirement system which is not a county unit participant under the Employees’ Retirement System.
“A county ad valorem tax official who, on the effective date of this amendment, is participating in the supernumerary program pursuant to Title 40, Chapter 6, Code of Alabama 1975, may irrevocably elect to withdraw from the supernumerary program and enroll in the Employees’ Retirement System of Alabama or the county retirement system for employees of the county served by the official, if the county system is not a unit participant in the Employees’ Retirement System, upon the terms and conditions provided by law or regulation governing the retirement system in which the official enrolls. The election shall be in a form prescribed by the Retirement Systems of Alabama or the county retirement system which is not a county unit member of the Employees’ Retirement System, and filed for record in the probate office of the county served by the official no later than one hundred eighty days following the effective date of this amendment.
“For purposes of this amendment, the words ‘county ad valorem tax official’ means an elected or appointed county tax assessor, tax collector, revenue commissioner, license commissioner, or other county official whose duties include the assessment or collection of ad valorem taxes for the county, but do not include a *482 judge of probate or an employee of the state.
“Section 2. An election upon the proposed amendment shall be held at the next general, special, primary, or constitutional amendment election held more than three months after final adjournment of the session of the Legislature at which this act is adopted. The election shall be held in accordance with Sections 284 and 285 of the Constitution of Alabama of 1901, as amended, and the general election laws of this state.
“Section 3. Notice of the election and of the proposed amendment shall be given by proclamation of the Governor. The proclamation shall be published once a week for four successive weeks immediately preceding the day appointed for the election in a newspaper in each county of the state. In every county in which no newspaper is published, a copy of the notice shall be posted at each courthouse and post office.”
We respectfully decline to answer the questions posed. Ala.Code 1975, § 12-2-10, permits the Court to answer constitutional questions of a general public nature. However, “we may answer only narrow questions directed to specific provisions of the State or Federal Constitution.” Opinion of the Justices No. 271, 384 So.2d 1056, 1058 (Ala.1980). The questions posed are not directed to specific provisions of the State or Federal Constitution and, therefore, are overbroad.
Further, the third question presents an improper subject for an advisory opinion, because it is a hypothetical question, assuming an affirmative answer to either or both of the first two questions. See Opinion of the Justices No. 162, 267 Ala. 110, 100 So.2d 565 (Ala.1958); Opinion of the Justices No. 308, 449 So.2d 239 (Ala.1984).
Answers declined.
Respectfully submitted,
SONNY HORNSBY Chief Justice
RENEAU P. ALMON
JANIE L. SHORES
GORMAN HOUSTON
HENRY B. STEAGALL, II
MARK KENNEDY
KENNETH F. INGRAM
RALPH D. COOK Justices