Members of the Senate
Alabama State House
Montgomery, Alabama 36130
Dear Senators:
We acknowledge receipt of Senate Resolution No. 87, requesting an advisory opinion on the constitutionality of Senate Bill No. 585. Senate Resolution No. 87 and Senate Bill No. 585 read:
“[Senate Resolution No. 87]
“BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, S. 585, a copy of which is attached to this resolution and made a part hereof by reference:
“Does S. 585 violate any provision of the Constitution of 1901?
“RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient true copies of the pending bill, S. 585, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
“A BILL [No. 585]
“TO BE ENTITLED
“AN ACT
“Authorizing the county commission of any county with a Class III municipality to prohibit, by ordinance, topless, bottomless, or nude dancing for monetary consideration and to prescribe penalties to enforce the ordinance.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. The county commission of any county in which a Class III municipality is located may pass an ordinance prohibiting topless, bottomless, or nude dancing for monetary consideration within the boundaries of the county. The ordinance shall be enforced by the Sheriff of the county.
“Section 2. A conviction for a violation of an ordinance passed pursuant to Section 1 of this act shall be punished by a fine of not less than one thousand dollars ($1000) nor more than ten thousand dollars ($10,-000) and imprisonment in the county jail for not more than six months.
“Section 3. This act shall become effective on the first day of the third month following its passage and approval by the Governor, or its otherwise becoming law.”
We respectfully decline to answer the question posed. Although Ala.Code 1975, § 12-2-10, permits this Court to answer constitutional questions of a general public nature, ‘“we may answer only narrow questions directed to specific provisions of the State or Federal Constitution.’ ” Opinion of the Justices No. 34,1, 632 So.2d 478, 482 (Ala.1994) (quoting Opinion of the Justices No. 271, 384 So.2d 1056, 1058 (Ala.1980)). *107 Here, the question posed is not directed to any specific provision of the Alabama Constitution or of the United States Constitution. Accordingly, it is overbroad.
Answer declined.
Respectfully submitted,
PERRY 0. HOOPER, Sr. Chief Justice
ALYA HUGH MADDOX RENEAU P. ALMON JANIE L. SHORES J. GORMAN HOUSTON, Jr. MARK KENNEDY RALPH D. COOK TERRY L. BUTTS HAROLD SEE Justices
Dear Senators:
While I agree that the question posed is overbroad and that we must decline to answer it, I would point out Lanier v. City of Newton, 518 So.2d 40 (Ala.1987), which permitted a municipality to impose greater restrictions on the display of nudity in establishments that sell alcoholic beverages than were imposed by the general Alabama Alcoholic Beverage Control Board regulation governing the display of nudity in such establishments.
/s/ J. Gorman Houston, Jr.
J. Gorman Houston, Jr.
Justice