The Honorable Don Siegelman
Governor
State of Alabama
Governor’s Office
Montgomery, Alabama 36130
Dear Governor Siegelman:
We have received your letter, dated November 19, 1999, in which you requested our opinion as to the constitutionality of House Bill 1,. 1999 Special Session. Your request reads in pertinent part as follows:
“As you noted in your recent decision of South Central Bell Telephone Co. v. State, [Ms. 1960591, Nov. 17, 1999] — So.2d - (Ala.1999), the Alabama Legislature convened in special session on November 15, 1999. The purpose of the special session was to address revenue issues resulting from the'United States Supreme Court’s decision in South Central Bell Telephone Co. v. Alabama, 526 U.S. 160[, 119 S.Ct. 1180, 143 L.Ed.2d 258](1999). You further noted in your opinion of November 17, that your interim order did ‘not foreclose the availability of a request for an advisory opinion before any contemplated legislative action.’
“Attached hereto is House Bill 1 (‘HB1’), which was passed by the House of Representatives on November 18, and is currently pending in the Senate, where hearings are being held. The purpose of this legislation is to replace *22 the franchise tax declared unconstitutional by the U.S. Supreme Court. Your November 17 decision has been reviewed and was very helpful in providing guidance to both the Executive and Legislative branches in developing the current version of HB1.
“This is a request for an advisory opinion on the constitutionality of HB1. This legislation was drafted with the intent that it ‘be consistent with §§ 229 and 232 of the Constitution of 1901’ and uses ‘substantially equivalent tax bases for domestic and foreign corporations[, and must set a tax rate for foreign corporations] that [is] not higher than that for domestic corporations.’ See Slip Op., page 28.
“Does HB1 meet the standards articulated in your recent decision, and is it constitutional?”
Since the adoption of the 1923 Act authorizing the Justices of this Court to give their opinions (the Act now codified as Ala. Code 1975, § 12-2-10), we have consistently declined to give advisory opinions on the general constitutionality of pending legislation. We have, instead, restricted our opinions to questions that raise the constitutionality of pending legislation under specific provisions of the Alabama Constitution or the United States Constitution. See Opinion of the Justices 373 So.2d 1050 (Ala.1979); Opinion of the Justices 692 So.2d 106 (Ala.1997). Therefore, to the extent that your request seeks an advisory opinion on the general constitutionality of H.B. 1, we respectfully decline to answer it.
However, your request, insofar as it concerns the constitutionality of H.B. 1 under Art. XII, §§ 229 and 232, of the Alabama Constitution, falls within the category of those requests that we have traditionally answered.
H.B. 1 purports to levy a franchise tax on domestic and foreign corporations “based upon the amount of their net worth in this state.” (H.B. 1, p. 2, emphasis added.) As we stated in our interim order:
“The intent of the Constitutional Convention in drafting § 229 and § 232 was to provide for the enactment of a franchise tax that would be applied equally to both domestic and foreign corporations insofar as the United States Constitution would permit. Louisville & N.R.R. v. State, 201 Ala. 317, 318, 78 So. 93, 94 (1917); White v. Reynolds Metals Co., 558 So.2d 373, 376 (Ala.1989).”
South Central Bell Tel. Co. v. State, [Ms. 1960591, November 17, 1999] — So.2d -, -(Ala.1999).
Sections 229 and 232, as originally proposed, incorporated the phrase “capital stock” for the purpose of authorizing a tax on the value of a foreign or domestic corporation’s property within and without the State of Alabama.' To address federal constitutional issues, the framers amended § 232 so as to restrict a franchise-tax levy on foreign corporations to the value of a foreign corporation’s property within this State. The amendatory language of § 232 serves as a limitation only on the authority to tax foreign corporations; it does not reflect a conscious choice on the framers’ part to require a franchise tax based on the value of the property of domestic corporations both within and without this State.[1] Consequently, the Legislature is required to impose a franchise tax but may levy a franchise tax on domestic corpora *23 tions based upon the amount of their net worth in this State.
Upon an examination of the remaining portions of H.B. 1, we find no apparent inconsistencies with §§ 229 and 232. On account of the limited time available, we do not express any further opinion as to any other constitutional issues.
QUESTION ANSWERED IN PART; DECLINED IN PART.
Respectfully submitted,
PERRY 0. HOOPER, Sr. Chief Justice
HUGH MADDOX
J. GORMAN HOUSTON, Jr.
RALPH D. COOK
HAROLD SEE
CHAMP LYONS, Jr.
JEAN BROWN
DOUGLAS INGE JOHNSTONE
JOHN H. ENGLAND, Jr. Associate Justices

. As we noted in our interim order, H.B. 16 was the subject of an advisory opinion in Opinion of the Justices No. 330, 558 So.2d 390 (Ala.1989), in which we expressed a contrary opinion as to the appropriate construction of § 229. Opinions of the Justices are not binding (see Opinion of the Justices 410 So.2d 388 (Ala.1982); Alabama Educ. Ass’n v. James, 373 So.2d 1076 (Ala.1979)); and we reach the result expressed herein based upon a more informed analysis of the intent of the drafters of the Constitution of 1901 prompted by the decision of the United States Supreme Court in South Central Bell Tel. Co. v. State, 526 U.S. 160, 119 S.Ct. 1180, 143 L.Ed.2d 258 (1999).